UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEBASTIAN GAVINO ORITZ,

    Plaintiff,

v.    Case No. 8:19-cv-947-T-24 CPT

SUN CITY CAFÉ, INC. and
DOMINGO GRANDE,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 7). Plaintiff opposes the motion. (Doc. No. 14). As explained below, the motion is denied.

**I. Background**

Plaintiff Sebastian Oritz alleges the following in his complaint (Doc. No. 1): Defendant Sun City Café is a restaurant owned and managed by Defendant Domingo Grande. Defendants hired Plaintiff to work in the kitchen with duties including washing dishes and stocking restaurant supplies. Plaintiff contends that he worked more than 40 hours per week, but Defendants failed to pay him overtime pay, in violation of the Fair Labor Standards Act's ("FLSA") overtime provision.

Plaintiff alleges Defendants were an enterprise subject to the FLSA. Specifically, he alleges that "Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." (Doc.

No. 1, ¶ 14)  Additionally, Plaintiff alleges that "during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars." (Doc. No. 1, ¶ 17).

## II. Motion to Dismiss

In response to the complaint, Defendants move to dismiss, disputing the factual allegations that enterprise coverage exists.  Specifically, Defendants dispute that Defendants had an annual gross volume of sales made or business done of at least $500,000 during the relevant period.

By challenging whether enterprise coverage exists, Defendants are challenging this Court's subject matter jurisdiction, which is intertwined with the merits of Plaintiff's FLSA claim.  See Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, 882 (11th Cir. 2008).  If Defendants wish to make such a challenge, the proper vehicle is a motion for summary judgment.  See id. at 883.

The Court notes that Defendants have attached tax returns to their motion.  However, the tax returns are not accompanied by an affidavit authenticating them.  Furthermore, Defendants have not included the 2018 tax return.  Therefore, the Court denies Defendants' motion to dismiss based on their factual attack on Plaintiff's allegations of enterprise coverage.[1]

The Court notes that Defendants also argue for dismissal based on their contention that

---

[1]The Court notes that Plaintiff argues in his response brief that he has also alleged individual coverage under the FLSA in his complaint.  The FLSA provides individual coverage for employees engaged in commerce or in the production of goods for commerce.  See Scott v. K.W. Max Investments, Inc., 256 Fed. Appx. 244, 247 (11th Cir. 2007).  A review of the complaint reveals that Plaintiff does not allege that he engaged in commerce or in the production of goods for commerce.

Plaintiff "falsified" his employment history with Defendants by alleging in the complaint that he had worked for Defendants for over twenty years. Plaintiff responds that he included time that he worked for Defendants' predecessor in his calculation, and that regardless, the only relevant time period is the three year period prior to filing the complaint. Defendants do not dispute that Plaintiff worked for them during the three year period prior to filing the complaint. As such, the Court denies Defendants' motion to dismiss on this issue.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of June, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record